UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ABRAHAM AUGUSTAL,

Petitioner,

v. Case No.: 2:26-cv-02728-SPC-KRH

MARKWAYNE MULLIN *et al.*,

Respondents.

_____________________________________/

**OPINION AND ORDER**

Before the Court are Abraham Augustal's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 5), and Augustal's reply (Doc. 6).

Augustal is a native and citizen of Haiti who entered the United States without inspection on April 13, 2022, and was detained by Immigration and Customs Enforcement (ICE). On April 16, 2022, ICE released Augustal on an order of release on recognizance (ORR). He now resides in Florida with his wife and two children. The government does not claim Augustal has ever violated the terms of the ORR, and he has no criminal record. On August 31, 2026, ICE officers arrested Augustal during a traffic stop. He is currently detained at Glades County Detention Center.

Augustal claims the government violated the Fifth Amendment, the Immigration and Nationality Act, and implementing regulations by re-

detaining him without process. Specifically, the government re-detained him without revoking the ORR in accordance with 8 C.F.R. § 236.1(c)(9). That regulation gives certain officials discretion to revoke release and return a noncitizen to government custody.[1] In response, the government certifies it is detaining Augustal under 8 U.S.C. § 1226(a) and argues he failed to exhaust administrative remedies by requesting a custody redetermination hearing before an immigration judge. But it would make little sense for Augustal to request a custody redetermination when the initial custody determination resulted in his release. Exhaustion is not required here because the immigration courts cannot consider Augustal's constitutional claims. *See Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 867 (11th Cir. 2018).

The Court turns to the merits of Augustal's due process claim. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth

[1] The officials who have authority to revoke release are "the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign)[.]" 8 C.F.R. § 236.1(c)(9).

Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). An agency decision is arbitrary if "the agency relied on factors not intended by Congress, ignored an important aspect of the issue, or offered an explanation that contradicts the evidence before it." *Ashraf v. U.S. Drug Enforcement Admin.*, 153 F.4th 1161, 1167 (11th Cir. 2025).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and

administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Augustal's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Second, the risk of erroneous deprivation of that interest is substantial here. Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). The immigration officials who considered Augustal's circumstances in 2022 released him on an ORR. That ORR has not been revoked, no official with authority to revoke it took part in Augustal's recent arrest, and the government has provided no reason to justify its revocation. Rather, Augustal's arrest was an apparently arbitrary action made without regard to his history and circumstances. Without some consideration of the facts, there is nothing to ensure immigration detention serves its statutory purposes and is used in accordance with the Constitution and the laws enacted by Congress.

Third, the government has not established any legitimate interest in Augustal's continued detention. Immigration detention has two statutory goals: to ensure the noncitizen's appearance at future immigration proceedings

and to prevent danger to the community. *Zadvydas*, 533 U.S. at 690. Augustal's detention serves neither purpose. He remains subject to the terms of the ORR, and the government provides no reason to believe those terms are suddenly insufficient. Nor does the government claim he has ever violated them. The record is devoid of any evidence suggesting Augustal is a flight risk. Nor is there evidence he is a danger to the community. He has no criminal history whatsoever.

For these reasons, the Court finds that the government violated Augustal's Fifth Amendment rights by detaining him without due process.

Accordingly, it is hereby **ORDERED**:

Abraham Augustal's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Augustal and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 21, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties or Record